**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION NO. 93 U.A., *et al.* | ) ) ) | NO.: 10-CV-7856 |
| Plaintiffs, | ) ) | JUDGE: KENNELLY |
| vs. | ) ) | MAGISTRATE JUDGE: COX |
| BOSTON PLUMBING, INC., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO REINSTATE LAWSUIT AND FOR IMMEDIATE
ENTRY OF JUDGMENT AGAINST THE DEFENDANT BOSTON PLUMBING, INC.**

Now come Plaintiffs, the BOARD OF TRUSTEES of the PLUMBERS' LOCAL UNION

NO. 93 U.A., *et al.,* by and through their attorneys, JOHNSON & KROL, LLC, and move this

Honorable Court for an Order Reinstating the Lawsuit and for the Immediate Entry of a

Judgment against the Defendant BOSTON PLUMBING, INC. ("Boston Plumbing") as follows:

1.      On December 10, 2010, Plaintiffs filed their Complaint against Boston Plumbing for

breach of contract to collect unpaid contributions owed by Boston Plumbing pursuant to

the Collective Bargaining Agreement, Section 502 of the Employee Retirement Income

Security Act ("ERISA") and Section 301 of the Labor-Management Relations Act (29

U.S.C. § 1132 and 185 (2006)).

2.      On November 18, 2012, the Parties entered into a Settlement Agreement which permitted

the Defendant Boston Plumbing to pay off the monies it owed to the Plaintiffs over a

maximum of five (5) years.  (A copy of the Settlement Agreement is attached as Exhibit

1).

3.      Pursuant to the Settlement Agreement, the Parties agreed to the entry of a Stipulated

Order of Dismissal with the Court to Retain Jurisdiction to Enforce the Terms of the Parties' Settlement Agreement.  (Exhibit 1).

4.    As contemplated by the Settlement Agreement, this Honorable Court entered a Stipulated Order of Dismissal with the Court to Retain Jurisdiction to Enforce the Terms of the Parties' Settlement Agreement on November 19, 2012.  (Docket No. 95); (A copy of the Stipulated Order is attached as Exhibit 2).

5.    The Settlement Agreement requires the Defendant Boston Plumbing to "submit weekly reports of hours worked by Covered Employees ("Contribution Reports") and pay contributions and union dues to the FRINGE FUNDS and UNION on a weekly basis throughout the duration of this Agreement."  (Exhibit 1 ¶ 5).

6.    The Settlement Agreement states that the failure to "submit Contribution Reports and payments in a timely manner pursuant to the requirements of this Agreement shall constitute a default on this Agreement."  (Exhibit 1 ¶ 5).

7.    The Settlement Agreement further provides that:

In the event BOSTON PLUMBING, default on any of their obligations under the terms of this Agreement: (A) all remaining payments referenced herein will be accelerated and become immediately due and payable; (B) BOSTON PLUMBING confesses and stipulates  to a judgment in the amount of all unpaid amounts; (C) the FRINGE FUNDS and UNION shall be able to petition the Court to reopen the Lawsuit and to seek an immediate judgment  against BOSTON PLUMBING for all unpaid amounts; and (D) in the event the FRINGE FUNDS and/or UNION are required to engage an attorney to collect any amounts due under this Agreement, BOSTON PLUMBING shall be liable for all reasonable attorney's fees and costs incurred by the FRINGE FUNDS and UNION. (Exhibit 1 ¶ 8).

8.    As of August 20, 2013, the Defendant Boston Plumbing failed to submit payment of the contributions and union dues for the weeks ending July 20, 2013; July 27, 2013; August 3, 2013;  August 10, 2013 by the deadlines imposed by the Settlement Agreement. (Affidavit of Spangle is attached as Exhibit 3).

2

9.    As a result of the Defendant Boston Plumbing's breach of the Settlement Agreement, the Plaintiffs have accelerated the payment schedule and hereby demands payment of all amounts remaining due and owing under the Settlement Agreement.  (Exhibit 3).

10.   As of August 20, 2013, the Defendant Boston Plumbing owes $131,218.75 under the breached Settlement Agreement.  (Exhibit 3).

11.   As a result of untimely paid weekly contribution payments, the Defendant Boston Plumbing also owes $3,392.09 in liquidated damages through the week ending July 13, 2013. (Exhibit 3).

12.   In addition, the Defendant Boston Plumbing owes contributions and union dues to the Plaintiff for the weeks ending July 20, 2013; July 27, 2013; August 3, 2013; and August 10, 2013 in an unknown amount.  (Exhibit 3).

13.   The Defendant Boston Plumbing is also responsible for the Plaintiffs' attorney's fees and costs accrued post-settlement in the amount of $2,294.57 pursuant to the Settlement Agreement, Collective Bargaining Agreements, Trust Agreements and 29 U.S.C. § 1132(g).  (Affidavit of Jeffrey Krol is attached as Exhibit 4).

14.   The Plaintiffs seek an immediate judgment in the aggregate amount of $136,905.41, an order which requires the Defendant Boston Plumbing to turnover all outstanding weekly contribution reports, an order which grants the Plaintiffs leave to file for final judgment upon receipt of the reports and for other relief that court deems to be just and equitable.


WHEREFORE, the Plaintiffs request that this Honorable Court:

A.    Reinstate the lawsuit against the Defendant Boston Plumbing;

B.    Enter an immediate judgment against the Defendant Boston Plumbing in the

aggregate amount of $136,905.41, which is itemized as follows:

a.   $131,218.75 under the breached Settlement Agreement;

b.    $3,392.09 in liquidated damages through the week ending July 13, 2013; and

c.   $2,294.57 in attorney's fees and costs.

C.      Order the Defendant Boston Plumbing to turnover all outstanding weekly contribution reports to the Plaintiffs within five (5) days; and

D.      Grant the Plaintiffs leave to petition this Honorable Court for entry of a final judgment to include all outstanding amounts that are due and owing in the weekly contribution reports; and

E.      Grant the Plaintiffs other such relief that this Honorable Court deems to be just and equitable all at the Defendant's cost.

Respectfully Submitted,

**TRUSTEES OF THE PLUMBERS
LOCAL UNION 93 U.A.** *et al.*

By:     /s/ Jeffrey Krol – 6300262
        One of the Plaintiffs' Attorneys

JOHNSON & KROL, LLC
300 South Wacker Drive, Suite 1313
Chicago, IL 60606
(312) 372-8587